UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| WILLIAM THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-309-PPS-CAN |
| | ) | |
| KEN ROLAND, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on motions to dismiss filed by Ken Roland and Unknown Medical Staff of the Miami County Jail [DE 64 & 72], the Peru Police Department and three of its officers, Greg Martin, Sam Finnegan and Lt. Jay Richardson (the "Peru Defendants") [DE 65], and Dr. Michael Jones [DE 66]. Each motion seeks dismissal based on Plaintiff William Thompson's purported failure to prosecute his case and comply with discovery. For the reasons discussed below, the Court **DENIES** these motions.

## BACKGROUND

On June 25, 2008, William Thompson, by counsel, initiated this Section 1983 suit against the Defendants claiming he was subjected to excessive force, and cruel and unusual punishment, during the course of his arrest and subsequent pretrial detention [DE 1]. Thompson also asserts civil conspiracy and intentional infliction of emotional distress claims against Defendants [*Id*.]. On April 15, 2009, the Court stayed the action due to a criminal matter then pending against Thompson [DE 30].

On July 22, 2009, the Court ordered Thompson's attorneys to submit a status report, including an update on Thompson's pending criminal matter [DE 36]. That order specifically

cautioned that failure to submit the status report may result in dismissal [*Id*.]. Plaintiff's counsel timely filed the status report, which set forth the reasons why the stay could be lifted, including because the criminal charges pending against Thompson had been dropped [DE 37]. Thompson's attorneys also moved to withdraw, citing an irreconcilable breakdown in communication [DE 38]. The Court granted the motion to withdraw and lifted the stay [DE 41]. The Court also ordered Thompson to indicate, by September 25, 2009, whether he intended to retain new counsel or continue *pro se*, and specifically advised him that his case may be dismissed should he ignore the order [*Id*.].

After Thompson failed to comply with that order, the Court issued a show cause order, requiring Thompson to report on his representation status, and again cautioning him that failure to respond to this and further orders may result in a dismissal [DE 44]. Thompson, proceeding *pro se*, timely responded with a request for more time to acquire representation, or, in the alternative, a dismissal of his case without prejudice [DE 45]. On October 13, 2009, the Court granted Thompson 30 days to either obtain counsel or indicate whether he intended to continue as a *pro se* litigant [DE 46]. That order cautioned Thompson that he would be given no further extensions of time to obtain counsel, and again emphasized that failure to respond may result in dismissal [*Id*.].

On November 9, 2009, three days before the deadline for Thompson to respond, the Court ordered Thompson and Defendants to file status reports, again cautioning Thompson that failure to respond may result in dismissal [DE 47]. The Defendants' reports all indicated that the parties had completed Thompson's deposition [DE 49-51 & 54]. The report filed by the Peru Defendants, however, also indicated that they intended to depose Thompson a second time

2

[DE 50]. Thompson's report indicated he would be undergoing surgery for unspecified health problems, and that he was still trying to obtain representation [DE 52].

In light of the parties' reports, the Court extended the discovery cut-off to January 31, 2010 [DE 53]. On January 5, 2010, two days before Thompson's deposition had been scheduled, and less than a month before the close of discovery, Thompson filed a letter requesting a stay of discovery due to complications from his recent surgery [DE 57]. Defendants responded by requesting a three-month discovery extension [DE 58], which the Court granted, extending the discovery cut-off to April 30, 2010 [DE 61].

On February 25, 2010, Thompson filed a second letter regarding his inability to meet the new discovery deadline due to continuing health problems [DE 62]. On March 15, 2010, the Court once again extended the discovery cut-off, to June 11, 2010, but ordered Thompson to make himself available for his deposition, and warned that further extensions would be regarded with prejudice [DE 63]. The Court also ordered Thompson to include documentation of his ongoing medical conditions along with any further requests for extensions [*Id.*].

Defendants moved to dismiss shortly after Thompson failed to attend a deposition scheduled for April 13, 2010. Defendants seek dismissal of Thompson's case with prejudice, pursuant to Rule 41 and Rule 37, and fees and costs under Rule 37, on the grounds of Thompson's repeated discovery delays and failure to prosecute his case [DE 64-66]. Thompson did not file a response to the motions to dismiss, just several letters, and a document entitled "motion for discovery" [DE 67-68 & 70-71]. Taken together, Thompson's filings state his willingness to complete his deposition by June 30, 2010, and reiterate that ongoing, and still unexplained, health problems, and other difficulties, have so far prevented him from doing that

3

[*Id*.]. Defendants Ken Roland and Unknown Medical Staff of the Miami County Jail filed a second motion to dismiss on June 16, 2010, seeking dismissal without prejudice as an alternative remedy [DE 72].

## DISCUSSION

Rule 41(b) permits the Court to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "[A] court should dismiss a case pursuant to Rule 41 only when there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177 (7th Cir. 1987). The power to sanction through dismissal is "essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland*, 811 F.2d at 1177-78 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Rule 37(b)(2) also permits the Court to dismiss an action, providing that "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may issue further just orders," including "dismissing the action or proceeding . . . ." Fed. R. Civ. P. 37(b)(2)(A)(v). Dismissal under Rule 37(b)(2) is only appropriate when a plaintiff's failure to comply with a discovery order "displayed willfulness, bad faith, or fault." *In re Golant*, 239 F.3d 931, 936 (7th Cir. 2001) (citing *Ladien v. Astrachan*, 128 F.3d 1051, 1056 n.5 (7th Cir. 1997)).

Dismissal under either rule is a harsh sanction, reserved for "extreme situations." *Martinez v. City of Chicago*, 499 F.3d 721, 727 (7th Cir. 2007); *see also Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Spain v. Bd. of Educ.*, 214 F.3d 925, 930 (7th Cir. 2000). Moreover,

4

the Court must explicitly warn plaintiff's counsel before employing this sanction. *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993); *see also Spain*, 214 F.3d at 930.

Since Thompson is a *pro se* plaintiff, I must apply a less stringent standard than if he were represented by counsel. *See Palmer v. City of Decatur*, 814 F.2d 426, 428 (7th Cir. 1987). Nonetheless, a *pro se* plaintiff maintains the duty to diligently pursue his cause of action in accordance with court orders and the Federal Rules of Civil Procedure. *See Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990).

The procedural record in this case shows a persistent pattern of delay and evasion on the part of Thompson, primarily with respect to completing his deposition. Defendants are entitled to a timely resolution of Thompson's claims against them. But Thompson's conduct in this case, however dilatory, does not warrant dismissal under either Rule 41(b) or Rule 37(b)(2). And the blame for the delays in this case does not rest entirely on Thompson.

A review of the Court's orders since August 2009, when Thompson's former counsel withdrew, reveals just one occasion where Thompson clearly disregarded a Court order, requiring him to indicate his representation status by a date certain [DE 44]. To be sure, the Court's March 15, 2010 order required Thompson to make himself available for his deposition [DE 63]. But that order did not specify a date certain. More importantly, Defendants did not move to compel Thompson's attendance, despite having nearly two months left before the June 11, 2010 discovery cut-off. Instead, they simply filed the pending motions to dismiss, just days after Thompson failed to attend his April 13, 2010 deposition. Nor have Defendants filed any other motions to compel, despite suggestions by the Peru Defendants and Defendant Jones that Thompson's conduct is preventing the completion of additional discovery, including additional

5

depositions of fact witnesses [DE 64, ¶ 16; DE 66, ¶ 7].

I am not persuaded that dismissal is merited under these circumstances, particularly given Thompson's status as a *pro se* litigant. Rather than moving to dismiss immediately after Thompson failed to appear for his second deposition, Defendants should have put the issue before the Court in a motion to compel. Defendants would have then either obtained the requested discovery, or established a clear record on which the Court could grant Rule 41(b) or Rule 37(b)(2) dismissal. Because I am denying the motions to dismiss, I also decline to award the requested attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the motions to dismiss filed by (i) Ken Roland and Unknown Medical Staff of the Miami County Jail [DE 64 & 72]; (ii) the Peru Police Department, Greg Martin, Sam Finnegan and Lt. Jay Richardson [DE 65]; and (iii) Dr. Michael Jones [DE 66].

**SO ORDERED**.

ENTERED: June 15, 2010

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT