**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| WILLIAM THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-cv-309 |
| | ) | |
| GREG MARTIN and SAM FINNEGAN, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Both Plaintiff and Defendants have filed Motions in Limine [DE 108 and 106, respectively] prior to trial in this case. Defendants have also filed a Motion to Strike [DE 109], which seeks to strike and exclude certain witnesses and exhibits from the trial. As explained in detail below, Plaintiff's Motion in Limine will be granted in part and denied in part, Defendants' Motion in Limine will be granted in part and denied in part, and Defendants' Motion to Strike will be granted.

**DISCUSSION**

District courts may rule on motions in limine pursuant to their authority to manage trials, *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984), and judges have broad discretion in ruling on such motions. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence may be excluded only when inadmissible on all potential grounds. *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Otherwise, rulings should be deferred to the time of trial to make possible the resolution of questions of relevancy, foundation, and potential prejudice. *Id.* A denied motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id.* at 1401. Rather, trial

judges are free to alter previous in limine rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41-42.

## I. Plaintiff's Motion in Limine

Plaintiff's Motion makes four requests, and Defendants have no objections to requests 2-4. Those portions of Plaintiff's Motion will therefore be conditionally granted without further discussion.

### A. Request 1 of Plaintiff's Motion

Plaintiff seeks to exclude any "[e]vidence concerning unrelated arrests, convictions, or criminal charges." [DE 108 at 3.] Plaintiff argues that even if this "evidence has any relevance to the case at hand such evidence should nonetheless be excluded because the probative value is substantially outweighed by the risk of prejudice to Plaintiff." [*Id.*]

Defendants argue, however, that the category proposed by Plaintiff – "unrelated arrests, conviction, or criminal charges" – is far too broad. Defendants concede that "unrelated arrests and criminal charges more than ten (10) years old or for infractions and misdemeanors are inadmissible." [DE 112 at 1.] But Defendants contend that this should not preclude them from introducing evidence of Thompson's felony conviction for being judged a habitual traffic offender and his felony conviction for operating a vehicle while intoxicated, both of which fall within the ten-year time-limit set by Federal Rule of Evidence 609 (if just barely, having occurred in June and July of 2001, respectively). Defendants thus argue that these convictions are admissible – should Thompson choose to testify – for purposes of impeachment under Rule 609(a)(1).

Defendants have the better of this argument. Federal Rule of Evidence 609 determines

the admissibility of criminal convictions used "[f]or the purpose of attacking the character for truthfulness of a witness." Fed. R. Evid. 609. Felony convictions (i.e., "in excess of one year") that occurred within the previous ten years are admissible. Fed. R. Evid. 609(a)-(b). Thus, Thompson's felony conviction as a habitual traffic offender and his felony conviction for operating a vehicle while intoxicated are admissible for impeachment purposes.

Plaintiff maintains that even if these convictions are admissible under 609(a), they should still be excluded under Rule 403 because their "probative value is substantially outweighed by the risk of prejudice to Plaintiff." [DE 108 at 1.] Rule 403 is steep hill to climb, however, because evidence is only excluded under it if its prejudice *substantially* outweighs its probative value. Thus, prior felony convictions "must be admitted under Rule 403 . . . unless the prejudicial effect substantially outweighs probative value," which means "Rule 403 leans heavily toward admissibility." *Christmas v. Sanders*, 759 F.2d 1284, 1292 (7th Cir. 1985). In this case, Thompson's credibility as a witness (assuming he testifies) will certainly be an important aspect of the case, as his testimony will undoubtedly conflict with the testimony of other witnesses. Under the "substantial" hurdle of Rule 403, the issue of Thompson's credibility alone is of sufficient probative value to outweigh the risk of prejudice.

Note, however, that when using the convictions for impeachment purposes, Defendants may only mention "'the particular felony charged, the date, and the disposition of a prior conviction.'" *United States v. Barnhart*, 599 F.3d 737, 747 (7th Cir. 2010) (quoting *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006)) Moreover, the conclusion that evidence is admissible for purposes of impeachment does not mean that such evidence is necessarily admissible for other purposes. *Gora v. Costa*, 971 F.2d 1325, 1330 (7th Cir. 1992). For

instance, Defendants' argue that these convictions should also be admissible as evidence of Thompson's bias against the Peru police officers: "[a] witness's prior arrest by members of the Peru Police Department is also relevant to show that the witness has a bias against police officers." [DE 112 at 5.] I disagree. Although some courts have admitted evidence of a prior arrest by the same police department as an indication of bias, *see Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987), any evidence of bias on this basis here is slight, and thus Thompson's convictions will not be admissible for this purpose. *See, e.g., Blackwell v. Kalinowski*, 2011 WL 1557542, at *3 (N.D. Ill. Apr. 25, 2011) (barring evidence of plaintiff's prior convictions to establish his bias against defendants because "defendants failed to offer any specific details regarding Blackwell's prior arrests that would show any particular bias against the police"); *Martin v. Royse*, 2010 WL 1521295, at *2 (N.D. Ind. Apr. 14, 2010) ("The Defendants have offered no evidence that Martin would have a particular bias against the Defendant Officers or even the FWPD. . . . A generalized "bias" on the part of Martin is therefore largely irrelevant to the present claims against the Defendants and will not be admitted into evidence."); *Fitzpatrick v. City of Fort Wayne*, 259 F.R.D. 357, 364 (N.D. Ind. 2009) ("The slight probative value, if any, of Daniel's potential bias against police officers in general as a result of his contacts with law enforcement is substantially outweighed by the risk of undue prejudice and confusion of the issues if his largely irrelevant criminal history is paraded before the jury.")

Similarly, to the extent that Defendants attempt to introduce Thompson's convictions during the trial for purposes other than impeachment, "the admissibility of such evidence" will be "dictated by Rules 401 and 403, meaning that such evidence is admissible if relevant to a

material issue and if its probative value outweighs the possibility of unfair prejudice." *Gora*, 971 F.2d at 1331.

## II. Defendants' Motion in Limine

Defendants' Motion makes seven requests, and Plaintiff has no objections to requests 2-7. Those portions of Plaintiff's Motion will therefore be conditionally granted without further discussion.

### A. Request 1 of Defendants' Motion

In this request, Defendants seek to exclude any reference to the dismissal of the criminal charges filed against Plaintiff in connection with the two arrests at issue in this case – the June 25, 2006 arrest that led to the excessive force claim and the April 28, 2007 arrest that led to the false arrest claim. Plaintiff concedes that any references to the dismissal of the charges related to the June 25, 2006 arrest are irrelevant and thus inadmissible. But Plaintiff disputes the idea that references to the dismissal of the charges related to the April 28, 2007 arrest should be inadmissible. Instead, Plaintiff argues that "the fact that the criminal charges related to the events of April 17, 2007 and Plaintiff's ultimate arrest on April 28, 2007 were dismissed tend to show that it is more probable that the arrest was in fact a 'false arrest.' In fact, if he was convicted there could not be a false arrest. This evidence is therefore relevant and admissible." [DE 113 at 2.]

Defendants are correct that the final disposition of the charges brought against Thompson is not relevant to deciding whether his arrest was "false." The false arrest analysis turns entirely on probable cause, and "[t]he relevant inquiry" in determining probable cause "is whether [the officers] acted objectively reasonable in light of the facts and law known to him at the time of ...

arrest-not upon subsequent legal analysis." *Forman v. Richmond Police Dept.*, 104 F.3d 950, 962 (7th Cir.1997). The dismissal of the charges is therefore irrelevant to Thompson's false arrest claim. *See Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) ("It was not an abuse of discretion for the court to grant the officers' motion *in limine* to bar ... the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest ...."); *Fitzpatrick*, 259 F.R.D. at 365-66 (granting defendants motion in limine to exclude evidence "that the prosecutor ultimately decided not to prosecute [plaintiff] and that the charges were dismissed" because "the outcome of [plaintiff's criminal] case is not relevant to the issue of whether Officer Lemon had probable cause to arrest him").

On the other hand, however, excluding this evidence would allow the jury to speculate as to the ultimate outcome of the arrest. Under similar circumstances, another district court in this circuit arrived at a balanced solution: "To avoid prejudice to Defendants, the jury should be informed that the outcome of the criminal proceeding is not relevant to whether Defendants had probable cause to arrest Plaintiffs. However, the jury should also be told the charges against Plaintiffs were dismissed, in order to avoid the possibility the jury may assume Plaintiffs were arrested and later found guilty." *Townsend v. Benya*, 287 F. Supp. 2d 868, 874-75 (N.D. Ill. 2003). *See also Fox-Martin v. County of Cook*, 2010 WL 4136174, at *7 (N.D. Ill. Oct. 18, 2010) ("Accordingly, 'in order to avoid the possibility that the jury may assume Plaintiff [was] arrested and later found guilty' the jury should be told that the charges against Plaintiff were stricken with leave to reinstate."); *Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 739 (N.D. Ill. 2004) ("While the disposition of the charge is not relevant to whether the defendants used excessive force, if the battery charge is mentioned, the disposition must be included in order to

prevent the jury from assuming that Mr. Saunders was found guilty."); *Warner v. Carter*, 2004 WL 886995, at *1 (E.D. La. Apr. 21, 2004) ("The Court finds that the documentary evidence as to the ultimate disposition of the charges is relevant and admissible. Whereas such evidence is not relevant to the 'probable cause' determination, it is part of the *res gestae* and it completes the presentation of the evidence regarding the plaintiff's arrest on those charges.").

Thus, in order to avoid the possibility that the jury may assume Thompson was found guilty, evidence that the charges against him were eventually dropped will be admissible. However, the jury will also be informed – both during the trial and in the Court's final instructions of the law – that the outcome of the criminal proceeding is not relevant to whether Defendants had probable cause to arrest Plaintiff.

**III. Defendants' Motion to Strike**

Defendants' Motion to Strike seeks to strike and exclude certain witnesses and exhibits on the grounds that they were not previously disclosed in Plaintiff's initial disclosures. Plaintiff filed no response to this motion.

Federal Rule of Civil Procedure 26(a)(1) required Thompson to identify the name, address and telephone number of each individual likely to have discoverable information and to identify documents supportive of his claims. If a party fails to make a proper disclosure, the party "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless." Fed. R. Civ. P. 37(c)(1). This sanction is "automatic and mandatory." *Finley v. Marathon Oil, Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996).

Given these rules, and in the absence of any countervailing arguments from Plaintiff as to why its omissions were substantially justified or harmless, Defendants' motion will be granted. *See Lyman v. St. Jude Medical S.C., Inc.*, 580 F. Supp. 2d 719, 729 (E.D. Wis. 2008) ("St. Jude fails to demonstrate how its lack of disclosure was substantially justified or harmless, and plaintiffs' motion to exclude these witnesses will be granted."). As listed in the Pre-Trial Order [DE 105], witnesses 10-12, 15-17, 20-23, and 25-26 and exhibits 3, and 7-17, which were not previously disclosed to Defendants, are therefore stricken and will be excluded from any use at trial.

**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion in Limine [DE 108] is **GRANTED in part** and **DENIED in part**, Defendants' Motion in Limine [DE 106] is **GRANTED in part** and **DENIED in part**, and Defendants' Motion to Strike [DE 109] is **GRANTED**.

**SO ORDERED**.

ENTERED: May 20, 2011.

s/ Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT